UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JASON KEITH WALKER, Defendant. | No. 2:03-cr-00042-TLN **ORDER** |

This matter is before the Court on Defendant Jason Walker's ("Defendant") Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(B). (ECF Nos. 1266, 1297.) The Government filed an opposition. (ECF No. 1317.) Defendant filed a reply. (ECF No. 1324.) Following the Court's Minute Order, the Government filed a supplemental brief. (ECF No. 1326.) Defendant filed a reply to the supplemental brief. (ECF No. 1327.) For the reasons set forth below, Defendant's motion is GRANTED in part.

///

///

///

///

///

///

## I. Factual and Procedural Background

On April 7, 2006, Defendant was found guilty after a jury trial of one count of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). (ECF No. 681-1.) The jury specifically found the pattern of racketeering activity included four predicate offenses: (1) Act Two – Attempted Murder; (2) Act Three – Murder; (3) Act Four – Murder; and (4) Act Nine – Conspiracy to Distribute Illegal Narcotics (cocaine base). (*Id*. at 3–5.)

Before Defendant was sentenced, a probation officer prepared a Presentence Report ("PSR"). The sentencing court adopted all findings made in the final PSR. (ECF Nos. 772, 776.) Pursuant to the U.S. Sentencing Guidelines,[1] as Defendant's conviction was a multi-object offense, the probation officer determined the adjusted offense level for each predicate act and then applied a multiple count adjustment to find a total offense level of forty-nine. Based on a total offense level of forty-nine and a criminal history category of six, the advisory guideline range for imprisonment was life.

At the sentencing hearing on October 16, 2006, the judge sentenced Defendant to a term of life in prison "because of [Defendant's] conduct which resulted in the deaths of other human beings, attempted murder of another one and the conspiracy to sell illegal drugs." (ECF No. 861 at 7.)

On April 9, 2025, Defendant filed the instant motion to reduce sentence. (ECF No. 1266.)

## II. Standard of Law

Once a federal criminal sentence is imposed, it is generally considered final. *See* 18 U.S.C. § 3582(b). Nonetheless, 18 U.S.C. § 3582(c) sets out three circumstances in which a lawfully imposed term of imprisonment may be modified. First, prisoners may be granted compassionate release for "extraordinary and compelling reasons[.]" *Id*. § 3582(c)(1)(A)

---

[1] As the last date of the offense was July 30, 2000, the probation officer compared the U.S. Sentencing Commission's Guidelines Manuals for November 1998 and November 2005 to determine if there were any *ex post facto* issues with the use of the then-most current manual. The base offense level for murder in the first- and second- degree was much greater in the November 2025 Manual than the November 1998 Manual. As such, the November 1998 Manual was used.

Second, prison terms can be modified "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" *Id.* § 3582(c)(1)(B). And third, courts can entertain motions to reduce prison terms if the applicable sentencing range for the defendant has been lowered by the Sentencing Commission. *Id.* § 3582(c)(2).

Sentence reductions under the First Step Act fall within 18 U.S.C. § 3582(c)(1)(B)'s exception for sentence modifications expressly permitted by statute. *See Concepcion v. United States*, 597 U.S. 481, 482 (2022). Section 404 of the First Step Act "is the only provision that applies retroactively to defendants who have already been sentenced." *United States v. Gonzalez-Oseguera*, No. 06-00593 HG-01, 2019 WL 1270916, at *1 (D. Haw. Mar. 19, 2019). Under the First Step Act, defendants convicted of a cocaine-based offense and sentenced under the penalties that later were reduced by the Fair Sentencing Act may petition a district court to apply the penalty reductions retroactively. *United States v. Carter*, 44 F.4th 1227, 1128 (9th Cir. 2022).

When ruling on a motion for a sentence reduction under the First Step Act, the Court must: (1) consider intervening changes of law or fact in exercising discretion to reduce a sentence; (2) consider nonfrivolous arguments presented by the parties, including intervening changes when parties raise them; and (3) explain the decision, giving a "brief statement of reasons" to demonstrate that it has considered the arguments. *United States v. Carter*, 44 F.4th 1227, 1128 (9th Cir. 2022).

## III. ANALYSIS

Defendant argues the Court should reduce his life sentence to time served under 18 U.S.C. § 3582(c)(1)(B) and § 404 of the First Step Act because his conviction — conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity — is a multi-object offense which included a covered predicate offense — conspiracy to distribute cocaine base. (ECF No. 1266.) Defendant further argues the sentencing court imposed a single, aggregate sentence for all the racketeering activity including the covered predicate offense. (*Id.* at 3.) Finally, Defendant contends a sentence reduction is supported by: intervening legal changes; Defendant's severe adverse childhood experiences and youthfulness at the time of the offense; Defendant's extraordinary rehabilitation; large sentencing disparities with co-defendants and national norm;

and the 18 U.S.C. § 3553(a) factors. (*Id.* at 7–14.) In opposition, the Government argues Defendant is not eligible for the relief he seeks because he was not convicted of a covered offense under the First Step Act and because the penalties for offenses involving crack cocaine had no impact on his sentence.[2] (ECF No. 1326 at 3.) The Court considers these arguments in turn.

A. Whether Defendant's Conviction is a Covered Offense

Defendant argues that when a single offense encompasses multiple charges, only one of those charges needs to have been affected by the Fair Sentencing Act for the entire offense to be considered a covered offense within the meaning of § 404(a). (ECF No. 1266 at 3 (citing *United States v. Reed*, 7 F.4th 105, 110 (2d Cir. 2021)).) In opposition, the Government does not directly address Defendant's argument or dispute that conspiracy to distribute illegal narcotics (cocaine base) is a covered offense. (ECF No. 1327 at 2.) Rather, the Government argues Defendant's racketeering conspiracy conviction is not a qualified offense. (*Id.*)

Here, Defendant's conviction was a multi-object offense which included the predicate offense of conspiracy to distribute illegal narcotics, specifically cocaine base, rock cocaine, and liquid heroin. (ECF No. 1297 at 7.) In calculating the offense level, the probation officer combined the weight of the narcotics to 15.81 grams of cocaine base. (*Id.*) At that time, the calculation would have resulted in a mandatory minimum of five years in prison under 28 U.S.C. § 841(b)(1)(B)(iii). Today, due to the First Step Act, 15.81 grams of cocaine base would not result in a five-year mandatory minimum sentence. Accordingly, because Defendant's conviction included a predicate offense of conspiracy to distribute illegal narcotics, specifically cocaine base in the amount of 15.81 grams, the Court finds Defendant's conviction is a covered offense within the meaning of § 404(a).

///

///

---

[2] The Government also argues Defendant is not eligible for a sentence reduction because he does not meet the "extraordinary and compelling" standard of 18 U.S.C. § 3582(c)(1)(A) ("§ 3582(c)(1)(A)"). As Defendant notes in reply, however, Defendant's motion is not based on § 3582(c)(1)(A). Therefore, the Court does not address the Government's arguments related to § 3582(c)(1)(A).

B. Whether Defendant Was Sentenced Under Penalties Later Reduced

Defendant argues the penalty for the predicate offense of conspiracy to distribute illegal narcotics impacted his sentence. (ECF No. 1266 at 3.) In support of his contention, Defendant points to the judge's statement at sentencing that he was sentencing Defendant to life imprisonment "because of [his] conduct which resulted in the deaths of other human beings, attempted murder of another one and *the conspiracy to sell illegal drugs*." (ECF No. 861 at 7 (emphasis added).) In opposition, the Government argues, notwithstanding the sentencing judge's comments noted by Defendant, his predicate offenses for murder drove his advisory guidelines and ultimate life sentence, and thus, the penalties for the offense involving crack cocaine had no impact on his sentence. (ECF No. 1326 at 3.)

The Court disagrees with the Government. While a sentencing judge may consider the presentence report when determining the appropriate sentence, the judge — not the report — is the ultimate decisionmaker. Accordingly, the judge's comments at sentencing are more probative of the basis for Defendant's sentence than the presentence report. Here, the Court need not and does not determine what drove Defendant's ultimate life sentence. It suffices that the sentencing judge imposed a life sentence, at least in part, because of Defendant's predicate offense of conspiracy to sell illegal narcotics. Accordingly, the Court finds the Defendant was in fact sentenced under penalties which were later reduced by the First Step Act.

C. Other Nonfrivolous Arguments

Having found Defendant's conviction is a qualifying offense under § 404(a) of the First Step Act and he was sentenced under penalties that were later reduced, the Court considers other nonfrivolous arguments as to why a sentence reduction is appropriate. Defendant specifically contends a sentence reduction is supported by: intervening legal changes; Defendant's severe adverse childhood experiences and youthfulness at the time of the offense; Defendant's extraordinary rehabilitation; large sentencing disparities with co-defendants and national norm; and the 18 U.S.C. § 3553(a) factors. (ECF No. 1266 at 7–14.) The Government focuses much of its opposition on the serious nature of Defendant's crimes and asserts an early release is inconsistent with the statutory mandate to impose a sentence necessary to protect the public from

Defendant. (ECF No. 1317 at 14.) The Government also contends a life sentence remains necessary as a punitive measure. (*Id.*)

The Court considers all arguments in reaching its conclusion and finds that a sentence reduction is warranted. Defendant committed the offenses when he was only nineteen years old, following an extremely traumatic, abusive and unsettled childhood. Defendant's adverse childhood experiences would have certainly affected his impulsiveness, risk-seeking propensities, and susceptibility to outside influences as his brain continued to develop. Since Defendant was sentenced, there has been considerable scientific research on the brain functioning of youthful offenders and its effect on behavior, which were not known or available to the sentencing court. Indeed, it was not until November 2024 that the sentencing guidelines were modified to permit a sentencing court to consider a defendant's youthfulness at the time of sentencing. *See* U.S.S.G. § 5H1.1. Defendant would have benefited if youthfulness had been a basis for a downward departure when he was sentenced.

Nevertheless, the Court is persuaded to only grant a modest sentence reduction in light of the violent and serious nature of Defendant's other predicate offenses. The PSR notes that Defendant was generally considered to be one of the leaders of the Pitch Dark Family ("PDF"), a gang that committed crime for profit. Defendant, Shango Greer ("Greer"), and Charles White ("White") managed and directed others in criminal activities of the enterprise, regularly carried firearms, threatened and intimidated individuals, and committed murder and other acts of violence to protect PDF and aid its growing strength. The jury found Defendant guilty of the other three predicate offenses — namely, the attempted murder of Jason Hickerson (Act Two), the murder of Keith Roberts (Act Three), and the murder of Richard Garrett (Act Four).[3] (ECF No. 681-1 at 3–5.) Given the underlying facts of these predicate offenses, the Court is not

---

[3] The PSR provides further factual details about these predicate offenses. In Act Two, Defendant brandished a handgun at Hickerson, who had previously broken into a vehicle owned by Defendant and stole some drugs, money, and firearms. In Act Three, White admitted that White, Greer, and Defendant killed Keith Roberts because he owed Defendant money for drugs and had been stealing from Defendant. White stated three of them chased Roberts down an alley and all three of them shot him, passing around the same firearm to do so. Finally, in Act Four, witnesses observed Defendant approach Richard Garrett and shoot him one time with a .38 super.

inclined to grant Defendant's request to reduce his sentence to time served.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS in part Defendant's Motion to Reduce Sentence. (ECF No. 1266.) Defendant's sentence is reduced to a term of 480 months. The Clerk of the Court is directed to amend the judgment accordingly.

IT IS SO ORDERED.

DATE: August 25, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE